This is an action to recover damages to a car-load of sheep and goats shipped over the road of the defendant from Artesia, N.C. to Ridgeway, N.C.
The action was commenced in the recorder's court of Warren County and was tried in the Superior Court on appeal.
The allegation of negligence relied on by the plaintiff was that the defendant failed to provide proper and adequate facilities for unloading.
The plaintiff's evidence tended to show that the car-load of sheep and goats, containing 230 animals, were gathered together at Artesia for Meeder Co. at Ridgeway, N.C. J. A. Meeder, manager of Meeder 
Co., testified that he went to the agent of the defendant at Ridgeway and told him that he expected a car-load of sheep and goats and wanted him to take the matter up with the company of building a cattle chute for unloading these animals. The agent informed him that he had written the defendant about the matter and had been advised that it would be too expensive and take too long to get the material for the construction of the chute. Plaintiff then told the agent of the defendant that (71) he would do the work and furnish the material for $7.50. This *Page 115 
was two weeks before the shipment arrived. On the arrival of the car, Meeder refused to accept shipment because there were no facilities for unloading the animals. The defendant's agent then attempted to unload the sheep by putting a plank up so that they could get out. As soon as the door of the car was opened all of the animals attempted to come out at the same time and a number of them fell from the plank to the ground and were injured. Four sheep were found dead in the car and numbers of goats and sheep died after they were taken to the plaintiff's farm.
His Honor charged the jury, among other things, as follows: "When freight is shipped in car-load lots the duty is imposed upon the consignee to unload, that is, take it out of the car. . . . Had nothing been said by plaintiff to defendant in respect to this expected shipment, then defendant would have been justified in carrying the car-load of sheep and goats or animals to Ridgeway without making any preparation for its unloading. But if you should find from the evidence, and by its greater weight, that plaintiff notified defendant that he expected a shipment of live stock consigned to him at Ridgeway; that he requested the defendant to provide facilities for unloading that stock, and defendant having received such notice, and if you find that defendant received such notice from the plaintiff, then it was the duty of the defendant to make such facilities, and it was the duty of the railroad to provide the proper facilities. . . . (If you find from the evidence that defendant company did not have sufficient facilities at Ridgeway for unloading live stock, and you should further find that it was notified by plaintiff that he was to receive it over that line, and you should find that sufficient time elapsed and defendant failed to provide such facilities, it is negligence on the part of the company, and the plaintiff should have the second issue answered in his favor. If you do not so find, you are to answer the second issue `No.'")
The defendant excepted to part in parenthesis. The defendant also excepted to the evidence of one of the witnesses for the plaintiff that some of the goats and sheep were born dead the next morning after they were taken from the car.
This same witness testified, without objection, that in his opinion the treatment received by falling out of the car was the cause of being born dead.
The defendant also excepted to the evidence of another witness for the plaintiff who testified that the result of allowing animals to jump 10 feet from a car while with kids and lambs would be harmful.
There was a verdict and judgment for the plaintiff and the defendant excepted and appealed. *Page 116 
The charge of his Honor to the jury was favorable to the defendant.
The only authority cited in the brief (Covington's Stock Yard Co. v.Keith, 139 U.S. 133) states the rule to be that "The railroad company, holding itself out as a common carrier of live stock, was under a legal obligation, arising out of the nature of its employment, to provide suitable and necessary means and facilities for receiving live stock offered it for shipment over its roads and connections, as well as for discharging such stock after it reaches the place to which it is consigned," and this is in accord with the decision of this Court inCogdell v. R. R., 124 N.C. 306, and in other cases.
The evidence of the witness that kids and lambs were born dead the next morning as a result of the failure to provide proper facilities for unloading was clearly competent, and the opinion of the other witness that it would be harmful for goats and sheep, carrying young, to jump 10 feet from a car, could not have affected the result, as any one of sufficient intelligence to act as a juror would know this without the testimony of a witness.
No error.